Dear Mr. Moody:
This letter is in response to your question asking:
 Is state legislation required before the State of Missouri can provide Medicaid benefits to qualified pregnant women under Section 9501 of P.L. 99-272?
Your inquiry is made because of questions raised by the enactment of the Consolidated Omnibus Budget Reconciliation Act of 1985, Section 9501(a), 42 U.S.C.A. section 1396d(n)(1) which provides as follows:
(n) Qualified pregnant woman or child
 The term "qualified pregnant woman or child" means —
(1) a pregnant woman who —
 (A) would be eligible for aid to families with dependent children under part A of subchapter IV of this chapter (or would be eligible for such aid if coverage under the State plan under part A of subchapter IV of this chapter included aid to families with dependent children of unemployed parents pursuant to section 607 of this title) if her child had been born and was living with her in the month such aid would be paid, and such pregnancy has been medically verified;
 (B) is a member of a family which would be eligible for aid under the State plan under part A of subchapter IV of this chapter pursuant to section 607 of this title if the plan required the payment of aid pursuant to such section; or
 (C) otherwise meets the income and resources requirements of a State plan under part A of subchapter IV of this chapter; and
(2) a child who is . . . .
This enactment amended Section 1396d(n)(1) by adding subparagraph (C) as a third alternative category of pregnant women who can qualify for medical assistance benefits (Medicaid). The question of whether state legislation is required for Missouri law to allow payments of Medicaid benefits to all three categories of pregnant women arises because the federal government will not provide Medicaid funds to this state unless the state has a "state plan" which allows the same people to qualify for Medicaid as the federal statutes require. See,
generally, 42 U.S.C.A. sections 1396, 1396a(b) and 1396a(a)(10), (15) and (16). Since the provision of Medicaid benefits involves the expenditure of both state and federal funds by a state agency, the "state plan" cannot provide for Medicaid payments to people unless state statutes allow appropriations for such payments. Therefore, we must look to state statutes to determine whether the state can submit a state plan which will be in compliance with federal law.
Whether state law allows the submission of such a plan determines whether the amendments to Section 1396d(n) became effective July 1, 1986, or whether they will become effective after the next session of the state General Assembly. In this regard, the Consolidated Omnibus Budget Reconciliation Act of 1985, Section 9501(d) provides as follows:
(d) EFFECTIVE DATES. —
 (1) EXPANDED COVERAGE. — (A) The amendments made by subsection (a) apply (except as provided under subparagraph (B)) to payments under title XIX of the Social Security Act for calendar quarters beginning on or after the July 1, 1986, without regard to whether or not final regulations to carry out the amendments have been promulgated by that date.
 (B) In the case of a State plan for medical assistance under title XIX of the Social Security Act which the Secretary of Health and Human Services determines requires State legislation (other than legislation appropriating funds) in order for the plan to meet the additional requirement imposed by the amendments made by subsection (a), the State plan shall not be regarded as failing to comply with the requirements of such title solely on the basis of its failure to meet this additional requirement before the first day of the first calendar quarter beginning after the close of the first regular session of the State legislature that begins after the date of the enactment of this Act.
The first two categories of pregnant women qualified to receive Medicaid benefits are set forth in subparagraphs (A) and (B) of the Section 1396d(n)(1). Section 208.151.1(10), RSMo Supp. 1984, provides for the payment of Medicaid funds to pregnant women as follows:
 208.151. Persons eligible to receive medical assistance. — 1. For the purpose of paying medical assistance on behalf of needy persons and to comply with Title XIX, Public Law 89-97, 1965 amendments to the Federal Social Security Act (42 U.S.C.A. section 301 et seq.) as amended, the following needy persons shall be eligible to receive medical assistance to the extent and in the manner hereinafter provided:
* * *
 (10) Pregnant women who meet the requirements for aid to families with dependent children, except for the existence of a dependent child in the home;
* * *
The statutory authorizations for making benefits under the Aid to Families with Dependent Children (AFDC) Program are in Sections 208.040 and 208.041, RSMo Supp. 1984, and Section208.050, RSMo Supp. 1985. A comparison of these provisions with the pertinent federal AFDC statutes, 42 U.S.C.A. sections 602,606 and 607, warrants the conclusion that state law allows for Medicaid payments to those pregnant women who come within the categories of subparagraphs (A) and (B) of Section 1396d(n)(1).
It is the category of eligibility described in subparagraph (C) which state law does not provide for. For purposes of determining the Medicaid eligibility of a pregnant woman, Section 208.151(10) adopts the eligibility criteria of Missouri's AFDC statutes except for that portion of them which would require the pregnant woman to have a dependent child at the time of applying for or receiving AFDC benefits. The AFDC statutes require, in addition to certain criteria concerning income and resources at Section 208.050(3), RSMo Supp. 1985, that a woman not have the father of the unborn child living in the home unless he is physically or mentally incapacitated, Section 208.040.1(2), RSMo Supp. 1984, or unless the woman and the unborn child's father are unemployed and meet certain other requirements in Section 208.041, RSMo Supp. 1984. In contrast, subparagraph (C) of Section 1396d(n)(1) requires only that the pregnant woman meet the income and resources requirements of AFDC law without regard to the whereabouts or employment status of the father of the unborn child. Therefore, since Section208.151(10), RSMo Supp. 1984, incorporates by reference certain requirements for Medicaid eligibility which include criteria concerning the whereabouts and employment status of the father of the unborn child, state law does not allow Medicaid benefits to pregnant women who are eligible for such benefits under subparagraph (C) of Section 1396d(n)(1).
It is the opinion of this office that Missouri statutes do not authorize Medicaid benefits for those pregnant women who can qualify for Medicaid benefits only under subparagraph (C) of the Consolidated Omnibus Budget Reconciliation Act of 1985, Section 9501(a), 42 U.S.C.A. section 1396d(n)(1).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General